UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA PALMER,

        Plaintiff,

   v.

HAGGAN, INC., et al.,

        Defendants.

CASE NO. C09-5763-BHS

ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

    This matter comes before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

    On December 9, 2009, Plaintiff Barbara Palmer ("Palmer") filed a complaint against Defendants Haggen, Inc., d/b/a Top Foods #75 ("Haggen"); Stewart's Food Inc., DBSI-Discovery Real Estate Services LLC, and John Does I through X. Dkt. 1 at 1-2. On May 6, 2010, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction. Dkt. 15. On May 24, 2010, Palmer responded (Dkt. 20) and on May 28, 2010, Defendants replied (Dkt. 23).

ORDER - 1

## II. STATEMENT OF FACTS

Palmer is a resident of York, Pennsylvania, and Defendants, for purposes of jurisdiction, are residents of Washington and Idaho. Dkt. 1 at 1-2. Palmer's complaint states that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §1332(a) "in that this action involves parties of different States and the amount in controversy exceeds $75,000." Dkt. 1 at 2. The instant case arose out of an alleged accident that occurred on December 11, 2006, in the Top Food and Drug parking lot in Aberdeen, Washington. *Id*. Palmer alleges that she was injured while traveling in the parking lot and that Defendants were responsible for the design and/or maintenance of the parking lot. Dkt. 1 at 2-3. Palmer's complaint states a state law cause of action against Defendants for negligence and seeks an award of damages for past and future medical expenses and for pain and suffering. *Id*. at 3-4.

In a letter dated June 24, 2008, Palmer sent an offer of settlement to Haggan's liability insurance company, describing Palmer's injuries and medical expenses. Dkt. 16-2, Exh. B. The letter stated that Palmer's medical expenses totaled $6,344.74 and that counsel for Palmer was "recommending settlement of $33,000." *Id*.

Palmer's initial disclosures in this case, dated April 16, 2010, calculated that her medical expenses were $6,344.73 and that her general damages were unknown at the time. Dkt. 16-2, Exh. A.

## III. DISCUSSION

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over "all civil actions" where the parties are citizens of different states and where the matter in controversy exceeds $75,000. "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). When a case is brought in federal court, the rule governing dismissal for lack of subject matter jurisdiction based on the amount in controversy is that

ORDER - 2

the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *Id.*; *see Pachinger v. MGM Grant Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986). "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul*, 303 U.S. at 289. Once the amount in controversy has been challenged, the burden of proof lies on the party seeking the exercise of the court's jurisdiction to show that the jurisdictional requirements have been met. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Here, Defendants brought their motion to dismiss for lack of subject matter jurisdiction alleging that the amount of controversy in the instant case is less than $75,000. Dkt. 15 at 1. Defendants maintain that Palmer's complaint fails to allege the nature or extent of her claimed injuries and simply states that her damages are in excess of $75,000 for purposes of jurisdiction. *Id.* at 4. Further, Defendants claim that Palmer's June 24, 2008, offer of settlement valued her claim at $33,000 (Dkt. 16-2, Exh. B), and that, while Palmer is allegedly seeking recovery for future medical expenses, she has not sought medical treatment since at least June of 2008. Dkt. 15 at 4. Defendants quote the Ninth Circuit case of *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) for the proposition that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Defendants argue that Palmer's settlement offer was a reasonable estimate of her claim and that there is no evidence that her alleged injuries or physical condition have changed dramatically since June of 2008. Dkt. 25 at 4. Therefore, Defendants ask the Court to dismiss the instant case for lack of subject matter jurisdiction because Palmer has failed to meet the jurisdictional requirement for the amount in controversy. *Id.* at 4-5.

Palmer maintains that Defendants' motion to dismiss should be denied because the Court cannot determine to a legal certainty that the amount in controversy does not exceed $75,000. Dkt. 20 at 1. Palmer states that her settlement offer of $33,000 reflected a "discount" of her claim to avoid having to litigate the case. *Id.* at 2. Moreover, Palmer

claims that in the fall of 2008, months after the settlement offer was made, her hip condition was worsening and she experienced increased difficulty in the activities of daily life. *Id*. at 3.  Therefore, Palmer argues that the Court cannot possibly determine to a legal certainty that the amount in controversy is not over $75,000 and should deny Defendants' motion to dismiss. *Id.* at 5.

Because Defendants have raised the issue of the sufficiency of the amount in controversy in this case, the burden falls on Palmer to show that the jurisdictional requirement has in fact been met. *See McNutt*, 298 U.S. at 189.  The Court concludes that Palmer has failed to proved that her special damages now exceed the $6,344.74 that she stated them to be in her offer of settlement and her initial disclosures.  Dkt. 16-2, Exhs. A & B.  However, Palmer has alleged that her original offer of settlement was not a reasonable estimate of her claim because it reflected a discount for not having to proceed with litigation.  Dkt. 20 at 4-5.  Moreover, Palmer alleges that she has continued to experience pain and suffering from her claimed injury following the June 2008 settlement offer and that such offer is thus not a reasonable estimate of her claim.  *See Id*. at 3.  While Palmer has submitted little evidence to support these allegations, based on her representations, the Court cannot conclude to a legal certainty that the amount in controversy is not above $75,000.  *See St. Paul*, 303 U.S. at 289.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

DATED this 2nd day of July, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge